UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VENISCIA HUMPHREY, individually and as next friend of Teniscia Humphrey-Lee,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>Defendants. | No. 10 CV 3327<br><br>Judge Manish S. Shah |

## ORDER

Terrence Lee's motions to reconsider Magistrate Judge Martin's Order of June 4, 2014 [118] and to vacate Magistrate Judge Martin's Order of May 16, 2014 [86] are denied.

## STATEMENT

Plaintiff Veniscia Humphrey, individually and as parent and next friend of her minor daughter, brought this action against the United States, among others, under the Federal Tort Claims Act. The child sustained injuries due to alleged medical malpractice during her birth in 2008. She is profoundly disabled.

Humphrey and Terrence Lee, the minor's biological father, have joint custody of the child. Humphrey and Lee are also co-guardians of their daughter's estate. Lee, however, is not a named plaintiff to this case. Lee and his attorney were present and participated in a settlement conference by agreement of the parties. At the settlement conference, the parties reached an agreement to settle the case with Lee's consent and agreement, subject to final approval by the Department of Justice. The settlement provides for a structured payment totaling $13 million for the child's benefit.

After signing the settlement agreement, Lee filed a motion [72] for leave to file an amended complaint or a new complaint naming himself as a party plaintiff. Judge Aspen denied the motion without prejudice and referred the dispute over whether to add Terrence Lee as a party to this case to Magistrate Judge Martin.

[92]. Lee renewed his motion to file an amended complaint or a new complaint naming himself as a party plaintiff. [96]. Magistrate Judge Martin denied the motion in a written ruling. [112]. Pending before me is Lee's objection to Magistrate Judge Martin's order and motion to reconsider the order. [118]. Plaintiff Humphrey filed a response. [121].

As noted above, Lee is not a party to this case. Lee argues that he has at all material times been treated as a party plaintiff, but the formal fact remains that he is a non-party to this action. He seeks to become a party, both individually and as next friend to the minor. This raises a threshold issue as to whether Lee can object to the Magistrate Judge's order pursuant to Fed. R. Civ. P. 72. By its text, Rule 72's objection and review procedure applies to objections by "a party." Plaintiff Humphrey does not make the argument that Lee cannot object to the order because he is not a party, and has made the considered decision to invoke the standard of review in Rule 72(a) as applicable to the case. Humphrey has waived any argument that Lee, as a nonparty, cannot seek review pursuant to Rule 72. In any event, 28 U.S.C. § 636(b)(1)(A), authorizes a judge to refer a pretrial matter to a magistrate judge and expressly permits a judge to reconsider such matter. Therefore, even if Lee could not invoke Rule 72, I can review the Magistrate Judge's decision sua sponte.

Section 636(b)(1)(A) states that any reconsideration of a pretrial matter referred to a Magistrate Judge should be based on a showing that the order is clearly erroneous or contrary to law. In this case, the motion for leave to amend the complaint filed by Lee was a pretrial, nondispositive matter. Its resolution was not material to the final disposition of the case between the minor and the United States (indeed, that case had been resolved by the settlement). Clear error review likely applies.

Arguably, the motion was dispositive as to Lee's ability to become a party to the case, and the motion apparently caused the United States to delay action in finalizing the settlement and having judgment entered. While my view remains that Lee's motion was a nondispositive pretrial matter, I have nevertheless reviewed Magistrate Judge Martin's order *de novo*.

Lee's motion to reconsider Magistrate Judge Martin's order is denied. Lee cannot and ought not be named as a plaintiff at this point in the litigation. He has settled any potential claim he has against the United States, and has not filed an administrative claim with the government (a prerequisite to filing suit in his name). Any intervention or amendment to add Lee as a plaintiff would be futile.

Lee alludes to his "standing" as co-guardian of the minor and thus, his entitlement and duty to bring actions as next friend of the child. As a co-guardian, Lee might have been an appropriate next friend to assert a claim on behalf of his

child under Fed. R. Civ. P. 17(c)(1) at some point in time, but certainly not after he settled his interests and released his claims against the United States. That is the posture of the case before me.

Lee's efforts to be a party as co-guardian of the minor are unnecessary and, frankly, counterproductive. Lee has identified no interest of his that has been impaired or impeded by his absence in the caption of this suit. He argues that his status as co-guardian has been impaired if he is not a plaintiff, but he has fulfilled his duties by participating in the settlement agreement and agreeing to it. His claim that his child's interests are compromised without both guardians named as plaintiffs is wrong. I am aware of no requirement that a "next friend" to a minor plaintiff must include all her next friends, and Lee cites no authority for such a proposition. Nothing in this case suggests that the child's claims against the United States were not prosecuted adequately. Plaintiff Humphrey was the minor's next friend who brought the suit that achieved the substantial settlement. To the extent Lee's participation in this litigation was necessary to reach the settlement, that participation was voluntary and did not transform his role into that of a named plaintiff.

Lee claims he was named as a plaintiff in the settlement agreement, but the agreement's references to "Plaintiffs" clearly refers to the two named plaintiffs in this case, Humphrey and the minor. Lee signed the settlement "individually" and as "parent and co-guardian" of the minor. The settlement agreement itself references guardians of the plaintiff, thus indicating that all guardians are not necessarily named plaintiffs in suit.

Lee argues that pursuant to Fed. R. Civ. P. 19 it is feasible and required that he be joined in this case. I disagree. With the settlement agreement, the court can accord complete relief, and if Lee is not a named plaintiff, his interest would not be impaired or impeded (he has voluntarily settled his interest, including his interest as co-guardian), and I find there is no substantial risk of any party incurring inconsistent obligations. The settlement releases all claims.

Lee also argues that there's no harm in naming him as a plaintiff, pointing out that amendment under Rule 15(a)(2) should be freely given when justice so requires. Of course, Rule 15 applies to a party, and Lee is not a party. Assuming that Rule 15 considerations are appropriate here, I find there would be prejudice to defendants in allowing amendment because it would confuse the posture of the case—as the last few months of activity have established. Even if there were no prejudice to defendants, justice does not require amendment here. A settlement has been achieved without Lee as a named plaintiff, and Lee does not argue that the settlement is inappropriate or unreasonable. Lee, in fact, supports the relief that the settlement gives to his daughter.

There is also pending a motion by Lee [86] to vacate Magistrate Judge Martin's May 16, 2014 order approving the settlement in this case. That motion is denied. Lee's objections are based on his attorney's inability to participate in a hearing before Magistrate Judge Martin, but I find that the absence of that participation had no impact on the proceedings. Lee's substantive objections to the procedure were fully vetted later in the context of his motion to amend the complaint, and as discussed above, those objections are now overruled.

For these reasons, the motion to reconsider [118] is denied, and the motion to vacate Magistrate Judge Martin's May 16, 2014 order [86] is also denied.

ENTERED:

Date: 7/24/14

_____
Manish S. Shah
UNITED STATES DISTRICT JUDGE